**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| TAMMY SOIGNET, as administrator of the Estate of Jessica Morgan, and BARBARA MORRIS, as surviving spouse of Jessica Morgan, <br><br> Plaintiffs, <br><br> v. <br><br> MISTY PLEDGER, HANNAH SHAW, and GENESYS HEALTH ALLIANCE, LLC, <br><br> Defendants. | Civil Action File No. <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

1.      Jessica Morgan died because Defendants refused to allow her to breathe the oxygen they knew she needed to live.

2.      When Jessica Morgan was arrested by Misty Pledger, she and her wife begged for Pledger to let them bring Morgan's prescribed supplemental oxygen. As noted in her report, "[Morgan] states she needs oxygen and was allowed to use her oxygen machine" at her home. But Pledger inexplicably and without reason refused to allow Morgan to bring any of the available oxygen tanks Morgan had with her to the jail.

3.      When Morgan and Barbara Morris were being booked into the jail, they both told Hannah Shaw and a nurse with Genesys Health Alliance,

LLC, that Morgan needed supplemental oxygen to breathe. They refused to provide Morgan with oxygen. The nurse said, "she's too young to have all that wrong with her."

4.      Within hours, Morgan suffered severe hypoxia from oxygen deprivation. Days later, and as a result, she died.

## JURISDICTION AND VENUE

5.       This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. There are also pendent state law claims. This Court has jurisdiction of federal claims under 28 U.S.C. §§ 1331 and 1343 and jurisdiction over state claims under 28 U.S.C. § 1367.

6.      Venue in this Court is proper 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims arose in this district and division.

## PARTIES

7.      Tammy Soignet is the anticipated administrator of the Estate of Jessica Morgan. She is Morgan's sister.

8.      Barbara Morris is Jessica Morgan's surviving spouse.

9.      Misty Pledger is sued in her individual capacity. At all times relevant to this complaint, Pledger acted under the color of law and within the scope of her employment for the Floyd County Police Department and the Rome Floyd Metro Task Force.

10.    Hannah Shaw is sued in her individual capacity. At all times relevant to this complaint, Shaw acted under the color of law and within the scope of her employment for the Floyd County Sheriff's Office.

11.    Genesys Health Alliance, LLC is a Georgia corporation. It is liable under state law respondeat superior for its employees' tortious conduct and for its own negligence in hiring, training, and retaining them.

## FACTUAL ALLEGATIONS

12.    Investigator Misty Pledger obtained a search warrant for an apartment in Rome based on statements from a confidential informant.

13.    The search warrant application did not mention Jessica Morgan.

14.    The location of the search was an apartment Morgan and Morris had recently moved into together.

15.    Pledger led the investigation.

16.    Pledger also led the warrant execution, which took place in the evening hours of August 24, 2023.

17.    Morgan was not at the apartment when the warrant was being executed.

18.    There was no arrest warrant for Morgan when the warrant was being executed.

19.    Contraband was located in the apartment.

20.    Pledger arrested Morris, and after she was brought back to the apartment by law enforcement, Morgan.

21.    In the vehicle Morgan was driving, as well as in the apartment she had just moved into, there were numerous oxygen tanks used for breathing.

22.    Morgan had been prescribed supplemental oxygen, via a portable oxygen concentrator as well as via oxygen tanks, due to health issues.

23.    Morgan was prescribed the continuous use of supplemental oxygen, meaning that she was required to use supplemental oxygen for 18-24 hours per day.

24.    Morgan used her supplemental oxygen after she was arrested before being transported.

25.    In a report, Pledger admitted that she knew Morgan needed her oxygen.[1]

26.    Inexplicably and without reason, Pledger refused to provide Morgan with oxygen.

---

[1] By reference to this portion of this report, Plaintiffs do not endorse or adopt any other portions of Pledger's report. Some portions of Pledger's report, which was authored after Morgan's death, contain falsehoods designed to deflect Pledger's culpability for causing Morgan to die. For example, the report states that Morgan died of a drug overdose. Evidence, including expert testimony, will show that is not true.

27.    Morgan and Morris asked Pledger to permit Morgan to use her supplemental oxygen.

28.    Pledger refused, and as a result Morgan did not have the ability to use her supplemental oxygen while in transport or at the jail.

29.    When Morgan arrived at the Floyd County Jail, on the evening of August 24, 2023, she was booked.

30.    She was booked and processed into the Floyd County Jail by Floyd County Sheriff's Office official Hannah Shaw.

31.    Morgan and Morris told Shaw that Morgan needed her oxygen to breathe.

32.    Shaw knew that Morgan did not have any oxygen.

33.    Inexplicably, Shaw refused to provide Morgan with supplemental oxygen or to do anything for her to get oxygen.

34.    As part of the intake process, Morgan then spoke with a medical provider with Defendant Genesys Health Alliance, LLC, which was the private company that had the contract to provide medical care for detainees at the Floyd County Jail.

35.    Morgan told Genesys that she had health issues that required her to use supplemental oxygen.

36.    The Genesys medical records reveal that Genesys acknowledged that Morgan was "oxygen dependent."

37.    The Genesys medical records reveal that Genesys did not observe Morgan to be under the influence of drugs or alcohol.

38.    Like Pledger and Shaw, Genesys inexplicably refused to provide Morgan with oxygen so that she could breathe.

39.    Defendants each observed symptoms consistent with hypoxia, including sweating and shortness of breath, but they each failed to do anything.

40.    Each Defendant knew there was no medical or penological or security or practical reason to deny someone oxygen.

41.    Oxygen was available at the jail.

42.    Oxygen is not a drug of abuse.

43.    Each Defendant knew that it was dangerous to deprive someone who needs supplemental oxygen of the ability to breathe.

44.    Instead of being provided with supplemental oxygen, or being allowed to provide for herself, Morgan was put into a dorm for the night without any means to access supplemental oxygen.

45.    Approximately 8 hours later, Morgan was found shaking on the ground saying she could not breathe.

46.    Only then was she provided with the readily available supplemental oxygen at the jail. But it was too late.

47.    Morgan was transported to the hospital.[2] She fell into a coma

from which she never awoke. Morgan died on August 31, 2023.

48.    Morgan's cause of death was hypoxic respiratory failure and

heart failure, both of which were caused by the refusal and failure to provide

Morgan with her prescribed supplemental oxygen.

## COUNT ONE
### *Deliberate Indifference*
### *under 42 U.S.C. § 1983 and the Fourteenth Amendment*
### *against Pledger and Shaw*

49.    Being deprived of oxygen is obviously and seriously dangerous.

50.    Everyone, including Pledger and Shaw, knows that being

deprived of oxygen can be fatal.

51.    Pledger and Shaw actively prevented Morgan from accessing

oxygen she needed despite knowledge that she needed oxygen.

52.     Neither Pledger nor Shaw took any action to get Morgan the

oxygen she needed despite being in a position to get Morgan oxygen.

53.    Pledger and Shaw's actions were reckless.

54.    As a result of Pledger and Shaw's deliberate indifference to

Morgan's serious medical need, Morgan suffered tremendously and then died.

---

[2] Jailers falsely told hospital personnel that Morgan was overdosing on drugs
and failed to tell hospital personnel that Morgan was on supplemental
oxygen that she had been improperly denied.

## COUNT TWO
### *Negligence*
### *Against All Defendants*

55.     Each Defendant owed Morgan a duty to exercise reasonable care toward Morgan.

56.     Each Defendant was negligent in breaching their absolute, ministerial duty to allow Morgan to use, and to otherwise provide, prescribed supplemental oxygen absent a contrary order from a physician.

57.     As to Pledger and Shaw, they are disentitled to official immunity because, at the very least, this duty was ministerial, meaning that the duty was simple, absolute, and definite: law enforcement and jailers must not cease a detainee's previously prescribed medical regimen.

58.     Genesys is not entitled to any immunity as a private entity.

59.     Genesys was negligent in the ordinary sense because, among other failures, its personnel failed to provide Morgan with oxygen that she required, which any lay person would know could cause harm or death.

60.     Genesys was also professionally negligent in that its personnel breached the standard of care by failing to provide Morgan with her prescribed supplemental oxygen.

61.     As a direct and proximate result of Defendants' negligence, Morgan was harmed, including suffering tremendously before losing her life.

## COUNT THREE
### *Expenses of Litigation under O.C.G.A. § 13-6-11 against all Defendants*

62.    Plaintiffs are entitled to recover expenses personally of litigation under O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense.

## COUNT FOUR
### *Punitive Damages under O.C.G.A. § 13-6-11 against all Defendants*

63.    By engaging in the above-described conduct, the Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences so as to entitle Plaintiffs to punitive damages pursuant to O.C.G.A. § 51-12-5.1 and 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request this Court:

a)    Hold a trial by jury on all issues so triable;

b)    Award nominal, compensatory, special, and punitive damages to Plaintiffs against Defendants in an amount to be proven at trial;

c)    Award Plaintiffs attorney fees under 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11;

d)    Tax all costs of this action against Defendants; and

e)    Award any additional or alternative legal or equitable relief

that is just and appropriate.

Respectfully submitted, this 19th day of July, 2025.


*/s/Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
Samantha Funt
Georgia Bar No 943783


MITCHELL SHAPIRO GREENAMYRE & FUNT LLP
881 Piedmont Avenue
Atlanta, Georgia 30309
Phone: 404-812-4747
Fax: 404-812-4740
zack@mitchellshapiro.com
sam@mitchellshapiro.com